IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

ELECTRONICALLY
FILED
Jul 13 2017
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| STEPHANNIE JAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 3:17-CV-82 (Groh) |
| v. ) | (formerly C.A. No. 17-C-268 the |
| ) | Circuit Court of Berkeley County, |
| GENERAL MOTORS LLC, ) | West Virginia) |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

GENERAL MOTORS LLC ("GM LLC"), pursuant to 28 U.S.C. §§ 1441 and 1446, removes this action from the Circuit Court of Berkeley County, West Virginia to the United States District Court for the Northern District of West Virginia, Martinsburg Division, and states the following in support:

1. This is a products liability action arising out of an automobile collision involving a 2007 Chevrolet Tahoe. *See* Exhibit A, Compl. ¶ 1. The Complaint alleges that the subject vehicle contained a "faulty" steering mechanism that prevented her from properly steering and that the vehicle's front passenger airbag "deploy[ed] in a crash where no passenger was present, and violently [struck] the Plaintiff's right arm causing serious injury." *Id.* ¶¶ 40 & 48. She sues GM LLC for a host of warranty and product liability related claims and seeks compensatory damages, punitive damages, attorney's fees and costs.

2. The plaintiff filed this action in the Circuit Court of Berkeley County, West Virginia. *See* Compl. Plaintiff served GM LLC via its registered agent, Corporate Service Corporation, on June 15, 2017. *See id.* ¶ 4.

3. The case is removable pursuant to 28 U.S.C. § 1441(a) & (b) because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The plaintiff and defendant are completely diverse. The plaintiff is and was at all times relevant a citizen of West Virginia. *Id.* ¶ 1. GM LLC is not a citizen of West Virginia, but is a Delaware limited liability company with its principal place of business in Michigan. *Id.* ¶ 2; *see* Exhibit B, Jill Sutton Decl., at ¶ 3 (July 11, 2017). GM LLC has only one member: General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. Sutton Decl., at ¶ 4. General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Sutton Decl., at ¶ 5.

5. Although the Complaint does not state a monetary demand, the amount in controversy exceeds $75,000, exclusive of interest and costs. West Virginia law prohibits a plaintiff from pleading any specific amount, which means a defendant needs to show that the amount in controversy exceeds the jurisdictional threshold of $75,000 in order to remove the case. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22 (S.D. W. Va. 1994). To determine whether the threshold is met, the Court:

> may consider a number of factors, including: the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to

      estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof.

*Chandler v. Ultimate Health Svcs.*, No. 14-27340, 2015 U.S. Dist. LEXIS 15035, *2 (S.D. W. Va. Feb. 9, 2015) (quotes and citation omitted).

      6.    Here, the plaintiff alleges that the front passenger airbag should not have deployed because there was no front seat passenger. Compl. ¶ 40. She alleges that she suffers from "serious and ongoing injury to [her] right arm" that she "lost full function of her wrist, hands and fingers . . . , experienced loss of fine motor skills [and that she] had radial nerve damage which caused a loss of feeling in her wrist, hand and fingers." Compl. ¶ 12. She alleges that she sustained "numerous ongoing injuries" from the collision, including "two fractures in her left femur, which required installation of a metal rod from her pelvis to her knee." *Id.* ¶¶ 11, 40 & 48. She allegedly "sustained serious injuries to her right arm as a result of the crash" and "as a direct and proximate result of GM's failure to protect her, [she] suffered and will continue to suffer losses as alleged herein." *Id.* ¶ 43 & 45.

      7.    In determining the amount in controversy, this Court looks to the plaintiff's complaint."[1] *Hochstrasser v. Broadspire Servs., Inc.*, No. 5:13-cv-53, 2013 WL 5536465, at *5 (N.D. W. Va. Oct. 8, 2013) (citing *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). Although the plaintiff does not specifically allege the sum of damages, it is facially apparent from the type and extent of her allegedly serious and ongoing injuries and her request for punitive damages that the amount in controversy is likely to exceed $75,000. *See Caprita v. Estate of Zilko*, No. 5:16-cv-170, 2017 WL 1407646, at *2 (N.D. Apr. 19, 2017) (denying motion to remand where plaintiffs asserted a good faith claim for punitive damages); *Castle v.*

---

[1] If the plaintiff disputes that the amount-in-controversy threshold is met, then GM LLC requests an opportunity to take jurisdictional discovery on that point.

*Doe*, No. 3:16-cv-18, 2016 WL 2636301, at *3 (N.D. W. Va. May 6, 2016) (finding that the complaint supported remand where there were no allegations that would support an award of future damages); *Elliott v. Wal-Mart Stores, Inc.*, No. 5:08-cv-30, 2008 WL 2544650, at *2 (N.D. W. Va. June 23, 2008) (granting motion to remand in part due to the absence of claims which could warrant the recovery of punitive damages).

8. This Notice of Removal is timely filed within 30 days of the date GM LLC was served with the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

9. Venue in the Northern District of West Virginia is proper under 28 U.S.C. § 1441(a) because Berkeley County, site of the state court action, is within the Martinsburg Division of the Northern District of West Virginia.

10. A Notice of Removal, with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Circuit Court of Berkeley County, West Virginia, and served on the plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

11. Pursuant to 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders served on GM LLC, including a copy of the civil docket cover sheet, the state court docket sheet, and the Complaint, are attached to this Notice of Removal as Exhibit A.

12. A filing fee of $400 has been tendered to the Clerk of this Court.

13. If any question arises as to whether removal is appropriate in this case, GM LLC respectfully requests the opportunity to present briefing or oral argument in support of its position that this case is properly removable.

For all of these reasons, GM LLC gives notice that this action is removed to the United States District Court for the Northern District of West Virginia.

GENERAL MOTORS LLC

By Counsel

/s/Philip J. Combs
Philip J. Combs (WVSB # 6056)
pcombs@tcspllc.com
Sherrie A. Armstrong (WVSB # 11525)
sarmstrong@tcspllc.com
Aaron N. Arthur (WVSB #12447)
aarthur@tcspllc.com
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
Tel: (304) 414-1800
Fax: (304) 414-1801

Christopher C. Spencer (*Pro Hac Vice forthcoming*)
cspencer@spencershuford.com
Latosha M. Ellis (*Pro Hac Vice forthcoming*)
lellis@spencershuford.com
SPENCER SHUFORD LLP
6806 Paragon Place
Suite 200
Richmond, VA 23230
Tel: (804) 285-5220
Fax: (804) 285-5210

## CERTIFICATE OF SERVICE

I, Philip J. Combs, counsel for General Motors LLC hereby certify that on the 13th day of July 2017, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Steven Brett Offutt, Esq. (WVSB #11271)
> Law Office of Brett Offutt
> 195 Washington Ct.
> P.O. Box 1244
> Harpers Ferry, WV 25425
> *Counsel for Plaintiff*

/s/Philip J. Combs
Philip J. Combs (WVSB # 6056)
pcombs@tcspllc.com
Sherrie A. Armstrong (WVSB # 11525)
sarmstrong@tcspllc.com
Aaron N. Arthur (WVSB #12447)
aarthur@tcspllc.com
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
Tel: (304) 414-1800
Fax: (304) 414-1801

Christopher C. Spencer (*Pro Hac Vice forthcoming*)
cspencer@spencershuford.com
Latosha M. Ellis (*Pro Hac Vice forthcoming*)
lellis@spencershuford.com
SPENCER SHUFORD LLP
6806 Paragon Place
Suite 200
Richmond, VA 23230
Tel: (804) 285-5220
Fax: (804) 285-5210