IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEPHANNIE JAVAGE,**

      Plaintiff,

v.                                                     **CIVIL ACTION NO.: 3:17-CV-82
(GROH)**

**GENERAL MOTORS, LLC,**
a Foreign Corporation,

      Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Currently pending before the Court is the Defendant's Motion to Dismiss [ECF No. 3] pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. To date, the Plaintiff has failed to file a response. Upon review, the Court finds that, based upon the facts alleged in the complaint, it cannot exercise personal jurisdiction over the Defendant in this case.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Personal jurisdiction may be divided into two subsets: general and specific. Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty., 137 S. Ct. 1773, 1779-80 (2017). General jurisdiction may be exercised over a business or corporation in the state in which it is incorporated or maintains its principal place of business. BNSF Ry. Co. v. Tyrell, 137 S. Ct. 1549,

1558 (2017) (first citing Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014); then citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). In addition, general jurisdiction may be exercised over a business or corporation when its affiliations "are so continuous and systematic" that it is "essentially at home in the forum State." Id. (internal quotation omitted) (citing Daimler, 134 S. Ct. at 754). Specific jurisdiction, on the other hand, arises out of "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." Bristol-Myers, 137 S. Ct. at 1780 (internal quotation omitted) (quoting Goodyear, 564 U.S. at 919).

Recently, in BNSF Railway Company v. Tyrrell, the United States Supreme Court reversed a decision by the Supreme Court of Montana to exercise personal jurisdiction over a railway company that had over 2,000 miles of railroad track and employed more than 2,000 workers in the state. 137 S. Ct. at 1558-59. In so doing, the Court reiterated its declaration in Daimler: "[a] corporation that operates in many places can scarcely be deemed at home in all of them." Id. at 1559 (internal quotation and citation omitted). In other words, in-state business alone "does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state]." Id. Rather, the court must conduct "an appraisal of a corporation's activities in their entirety" to determine whether the exercise of personal jurisdiction is proper. Id. (internal quotation and citation omitted).

Here, the facts contained within the complaint are insufficient to establish either general or specific jurisdiction. There is no indication that the Defendant's business activities are so continuous and systematic that it may be considered at home in West

Virginia. See Daimler, 134 S. Ct. at 754. The Plaintiff does not provide any information regarding how many offices, dealerships or warehouses the Defendant has in West Virginia, the number of workers the Defendant employs in this state or how much revenue the Defendant generates here. See BNSF, 137 S. Ct. at 1554. In fact, the Plaintiff avers that this Court may exercise personal jurisdiction over the Defendant simply because it is a corporation that is registered to do business, and in fact does business, in this state. ECF No. 1-1 at 8. Additionally, it is unclear in what state the Plaintiff was injured. Although she claims that her vehicle,[1] as a result of a design defect, veered into oncoming traffic before reaching Capon Bridge, she does not indicate whether she was in Virginia or West Virginia at the time of the accident.[2] This information does not comport with the requirements announced in BNSF and does not establish, by a preponderance of the evidence, that this Court may exercise personal jurisdiction over the Defendant.

Accordingly, upon consideration, the Court **GRANTS** the Defendant's motion [ECF No. 3] and **DISMISSES** the Plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Court further **DENIES** the Defendant's motion for suspension [ECF No. 9] **AS MOOT**.

The Clerk is **DIRECTED** to strike this matter from the active docket and transmit copies of this Order to all counsel of record in the above-styled civil action.

**DATED:** August 18, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the Plaintiff was operating the vehicle at the time of the events alleged in the complaint, she did not own it and it was not registered in her name. ECF No. 1-1 at 8, 13.

[2] Although possible, it is highly improbable that the Plaintiff would not have driven through Virginia on her route from Gerrardstown to Capon Bridge, West Virginia.